IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSEPH PETER LAURETO BALINTONA,<br><br>   Plaintiff,<br><br>v.<br><br>RUCHELLE AGREGADO BALINTONA, *et al.*,<br><br>   Defendants. | Case No. 23-cv-00186-DKW-KJM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On April 21, 2023, Plaintiff Joseph Balintona (Balintona), proceeding pro se, filed a Complaint against Ruchelle Balintona and Merlita Pumaras (collectively, Defendants), alleging that, in violation of federal immigration laws, Defendants failed to provide him with mandated financial support.  Dkt. No. 1.  Balintona also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 3.

**The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Balintona, initially, states that he is "not employed" and, therefore, receives no take-home pay. Dkt. No. 3 at 1. Thereafter, Balintona states that he has received various "Other Income" in the past 12 months, including from (1) business, profession, or other self-employment, (2) rent payments, interest, or dividends, and (3) "[a]ny other sources." He further explains that he has received "take home pay of $1000" as "an employee" and, in 2020, $500 per month in "rent relief" that he "hop[es]" to receive again. *Id*. Liberally construing this information, the Court presumes that Balintona's $1000 take-home pay concerns business, profession, or other self-employment income, *i.e.*, the first category of other income,[2] while the "rent relief" money concerns rent payments,

---

[2] Doing so could also make Balintona's earlier statement−that he is unemployed and does not receive take-home pay−potentially consistent, given that Balintona could be unemployed by an *employer*, but still receive income from *self*-employment.

*i.e.*, the second category of other income. However, that still leaves unknown the frequency with which he receives "take home pay" and the source and amount of money Balintona receives as "[a]ny other"−information that the IFP Application specifically asks for, given that Balintona checked the corresponding box. *See id*. In this light, the IFP Application is incomplete, and the Court is unable to properly assess whether Balintona is able to pay the filing fee for this case. The IFP Application is, therefore, DENIED without prejudice.

Should Balintona decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to him. In completing a new application, Balintona must answer <u>all</u> questions on the form, including addressing the omissions described above, such as the question concerning the source and amount of "any other" income he has received in the last 12 months and whether he expects to receive such payments in the future.

Balintona may have until **May 9, 2023** to file a new application to proceed in district court without prepaying fees or costs. **The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of the Complaint.**

The Clerk of Court is DIRECTED to mail Balintona a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: April 25, 2023 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Balintona v. Balintona, et al.*; Case No. 23-cv-00186-DKW-KJM; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**