IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PETER LAURETO BALINTONA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RUCHELLE AGREGADO BALINTONA and MERLITA LAURETO PUMARAS,<br><br>　　　　Defendants. | Civil No. 23-00186 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF JOSEPH PETER LAURETO BALINTONA'S COMPLAINT FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION TO
DISMISS PLAINTIFF JOSEPH PETER LAURETO
BALINTONA'S COMPLAINT FOR FAILURE TO PROSECUTE

On April 21, 2023, Plaintiff Joseph Peter Laureto Balintona ("Plaintiff") filed a Complaint for a Civil Case Alleging Breach of Contract ("Complaint"). ECF No. 1. On December 14, 2023, the Court issued a Rule 16 Scheduling Order. ECF No. 28. The Rule 16 Scheduling Order set, among other things, an early settlement conference for March 6, 2024, with the parties' respective confidential settlement conference statements due by February 28, 2024. *Id.* at 5.

Defendant Merlita Laureto Pumaras timely submitted a settlement conference statement on February 26, 2024, and Ruchelle Agregado Balintona timely submitted a settlement conference statement on February 28, 2024. Despite

an email reminder from the Court, Plaintiff did not submit a settlement conference statement.

On March 6, 2024, the Court held a settlement conference by video conference, as scheduled. Both defendants participated. Plaintiff failed to attend the settlement conference.

On March 7, 2024, the Court issued an Order to Show Cause, ordering Plaintiff to appear in person on March 20, 2024, and explain why the Court should not sanction him for failure to submit a settlement conference statement and attend the March 6, 2024 settlement conference ("03/07/2024 OSC"). ECF No. 31. Although the Clerk's Office promptly mailed a copy of the 03/07/2024 OSC to Plaintiff at his address of record, the docket indicates that the envelope was returned as undeliverable on March 20, 2024. ECF No. 33.

Notwithstanding that the notice of the hearing mailed to Plaintiff was returned as undeliverable, Plaintiff nevertheless appeared in person for the hearing on March 20, 2024. ECF No. 32. At the hearing, the Court ordered Plaintiff to complete the following no later than 4:30 p.m. on March 27, 2024: (1) submit a written "confidential settlement letter that fully complies with Local Rule 16.5(b)(1)"; and (2) submit a written "confidential statement outlining what Plaintiff intends to do to meet his duty of diligence, as set forth in LR16.1, in meeting all of the deadlines set forth in the Rule 16 Scheduling Order." *Id.* Plaintiff indicated to the Court that he would comply.

Plaintiff failed to submit the required documents by March 27, 2024. Plaintiff has also not submitted anything or otherwise contacted the Court since the March 20, 2024 hearing. Moreover, the Court notes that despite attempts by the Clerk's Office to mail copies of court filings, Plaintiff's mail has been returned as undeliverable. ECF Nos. 34, 35.

## DISCUSSION

Plaintiff initially participated in the beginning stages of this lawsuit. Plaintiff's recent failure to comply with important deadlines and attend the March 6, 2024 settlement conference, however, leads the Court to only one conclusion: Plaintiff is no longer interested in prosecuting his claims.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy

3

favoring the disposition of cases on their merits (collectively, the "*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for nearly a year, since April 2023, and there has been no significant movement toward a resolution. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (finding that the district court did not abuse its discretion in dismissing cases after concluding, in part, that such cases "had been pending for close to, or over, a year without forward movement, and that such lack of diligence does not serve the public interest in the expeditious resolution of litigation").

Second, the Court's need to manage its docket weighs strongly in favor of dismissal. Plaintiff's failure to attend the March 6, 2024 settlement conference and comply with submission deadlines has interfered with the Court's ability manage its docket and wasted the Court's time. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.

Third, the risk of prejudice to the defendants weighs heavily in favor of dismissal. The defendants will suffer prejudice if this case continues without

4

Plaintiff's participation. Plaintiff's absence and inaction precludes resolution of the case for the defendants. *See id.* (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. At the March 20, 2024 hearing, the Court gave Plaintiff an opportunity to demonstrate that he is ready and willing to prosecute his claims in written submissions due by March 27, 2024. Although Plaintiff indicated to the Court that he would comply, he did not do so. In addition, the fact that Plaintiff has apparently neglected to update his address of record so that he can receive court mail indicates that he is not interested in the prosecuting his claims. This fourth factor thus weighs in favor of dismissal.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal. Under these circumstances, however, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22,

5

2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 5, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Balintona v. Balintona, et al.*, Civil No. 23-00186 DKW-KJM; Findings and Recommendation to Dismiss Plaintiff Joseph Peter Laureto Balintona's Complaint for Failure to Prosecute